| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Steven Ibarra<br>Law Offices of Steven Ibarra<br>6518 Greenleaf Ave. Ste 23<br>Whittier, CA 90601<br>(562) 735-0828; fax (714)582-0948<br>249642<br><br>*Attorney for* Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    CRISPIN GALLEGOS<br><br><br><br>                                        Debtor. | CHAPTER 13 ____<br><br>CASE NUMBER 2:11-BK-26056-TD<br><br>DATE: 7/7/11<br>TIME: 1:30 p.m.<br>COURTROOM: 1345 |

## NOTICE OF MOTION FOR:

| DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE |
|---|

### *(Specify name of Motion)*

1. **TO:** HSBC Bank USA, National Association, as Trustee for ACE Securities Corp, Home Equity Loan Trust, Servies 2006-NC1

2. **NOTICE IS HEREBY GIVEN** that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| **Hearing Date:** 7/7/11 | **Time:** 1:30 p.m. | **Courtroom:** 1345 | **Floor:** 13 |
|---|---|---|---|
| ☒ **255 East Temple Street, Los Angeles**<br>☐ **21041 Burbank Boulevard, Woodland Hills**<br>☐ **3420 Twelfth Street, Riverside** | | ☐ **411 West Fourth Street, Santa Ana**<br>☐ **1415 State Street, Santa Barbara** | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calandaring procedures.

Dated: 6/2/11

Law Offices of Steven Ibarra
*Law Firm Name*

By: _____

Name: Steven Ibarra, Esq.
*Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-1.1**

January 2009

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Steven Ibarra<br>Law Offices of Steven Ibarra<br>6518 Greenleaf Ave. Ste 23<br>Whittier, CA 90601<br>(562) 735-0828; fax (714)582-0948<br>249642<br><br><br><br><br><br>☑ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** <u>LOS ANGELES</u>          **DIVISION**

| | |
|---|---|
| In re:<br><br>     CRISPIN GALLEGOS<br><br><br><br><br><br><br><br><br><br><br><br>                                        Debtor(s). | CASE NO.: 2:11-BK-26056-TD<br>CHAPTER: 13<br><br>**DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: 7/7/11<br>TIME: 1:30 p.m.<br>COURTROOM: 1345<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |

**NAME OF CREDITOR HOLDING JUNIOR LIEN ("Respondent"):** <u>HSBC Bank USA, National Association,</u>
 <u>as Trustee for ACE Securities Corp. Home Equity Loan Trust, Servies 2006-NC1</u>

**A. Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (hereinafter, "Lien") encumbering the following real property (hereinafter, the "Property"), which is the principal residence of debtor(s).

 *Street Address:*          <u>14144 Durness Street</u>
 *Unit Number:*
 *City, State, Zip Code:* . <u>Baldwin Park, CA 91706</u>

Legal description or document recording number (including county of recording):

☑ See attached page.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                          Page 1                          **F 4003-2.4.MOTION**

LEGAL DESCRIPTION

Lot: 31 Tract No: 18797 Abbreviated Description: LOT: 31 CITY: REGION/CLUSTER: 06/06107 TR#: 18797 TRACT # 18797 LOT 31 City/Muni/Twp: REGION/CLUSTER: 06/06107

**B. Case History**:

1.  A voluntary petition under Chapter ☐ 7  ☐ 11  ☐ 12  ☑ 13 was filed on: _4/13/11_____

2.  ☐ An Order of Conversion to Chapter 13 was entered on *(specify date)*: _____

**C. Grounds for Avoidance of Junior Lien:**

1.  As of _6/2/11_____, the Property is subject to the following liens in the amounts specified securing the debt against the Property, which the debtor seeks to have treated as indicated:

    i.  _1stTD HSBC USA, NA/Saxon Mortgage_ in the amount of $ _329,894.39_____.

    ii. _2ndTD HSBC USA,NA/Saxon Mortgage_ in the amount of $ _92,993.53_____  ☑ is ☐ is not
        to be avoided;

    iii. _____in the amount of $ _____  ☐ is ☐ is not
        to be avoided;

        ☐ See attached page for additional lien(s).

2.  As of _1/26/11_____, Property is worth no more than $ _220,000.00_____.

    a. As a result, Respondent's Lien encumbering the Property is wholly unsecured.

3.  **Evidence in Support of Motion:**
    a.  ☑ The amount of the lien identified in paragraph C(1)(i) is based on _Proof of Claim #2_____,
        attached hereto and identified as Exhibit _1_ .

    b.  ☑ The amount of the lien identified in paragraph C(1)(ii) is based on _Proof of Claim #1_____,
        *attached hereto and identified as Exhibit* _2_ .

    c.  ☐ The amount of the lien identified in paragraph C(1)(iii)) is based on_____,
        attached hereto and identified as Exhibit ___ .

    d.  ☑ The relative priority of the liens encumbering the Property is established by evidence attached as
        Exhibit _3_ .

    e.  ☑ The value of the Property from paragraph C(2) is based on _Uniform Residential Appraisal Rpt_ ,
        attached as  Exhibit 4 .

    f.  ☐ Exhibit_____.

    g.  ☑ Debtor submits the attached Declaration(s).

    h.  ☐ Other evidence *(specify)*: _____

4. **WHEREFORE, Debtor prays that this Court issue an Order granting the following relief:**

    a.   That the Property is valued at no more than $ 220,000.00 _____ .

    b.   That no payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☐ completion of the chapter 13 plan, or ☑ receipt of a chapter 13 discharge.

    c.   That the Respondent's claim on the junior position lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.

    d.   That the avoidance of the Respondent's junior lien is contingent upon: The Debtor's ☐ completion of the chapter 13 plan, or ☑ receipt of a chapter 13 discharge.

    e.   That the Respondent shall retain its lien in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☐ completion of the chapter 13 plan, or ☑ receipt of a chapter 13 discharge.

    f.   That in the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

5.   ☐See attached continuation page for additional provisions.

Dated: 6/2/11 _____

Respectfully submitted,

By: _____
      *Signature of Debtor or Attorney for Debtor*

Name:  Steven Ibarra, Esq.
      *Type Name of Debtor or Attorney for Debtor*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*             Page 3                **F 4003-2.4.MOTION**

## DECLARATION OF CRISPIN GALLEGOS  IN SUPPORT OF
## DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE
### [11 U.S.C. § 506 (d)]

I, Crispin Gallegos, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in the instant bankruptcy proceeding, case number 2:11-bk-26056-TD.

2. I filed bankruptcy to save my principle residence located 14144 Durness Street, Baldwin Park, CA 91706 ("The Property").

3. The Property is worth no more than $220,000 based on a licensed California appraiser's Appraisal of Real Property reflecting current value.

4. The principal balance owed on my First Deed of Trust is currently at or about $329,894.39, based upon the Proof of Claim #2 filed by HSBC Bank USA, National Association as Trustee for ACE Securities Corp, Home Equity Loan Trust, Servies 2006-NC1. Attached as Exhibit "1" is a true and correct copy of Proof of Claim #2.

5. The Second Deed of Trust is currently held by HSBC Bank USA, National Association as Trustee for ACE Securities Corp, Home Equity Loan Trust, Servies 2006-NC1/Specialized Loan Servicing LLC. The amount owing on the Second Deed of Trust is at or about $92,993.53, based upon Proof of Claim #1 filed by HSBC Bank USA, National Association as Trustee for ACE Securities Corp, Home Equity Loan Trust, Servies 2006-NC1. Attached as Exhibit "2" is a true and correct copy of Proof of Claim #1.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on June 2, 2011, at Whittier, California.

_Crispin Gallegos_
Crispin Gallegos

## DECLARATION OF SHARI HILL IN SUPPORT OF
## DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE
## [11 U.S.C. § 506 (d)]

I, Shari Hill, a licensed appraiser, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am making this declaration in support of the Debtor's Motion to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506 (d)].

2. On or about January 26, 2011, I appraised real property located at 14144 Durness Street, Baldwin Park, CA 91706 (hereinafter the "Subject Property").

3. Pursuant to my appraisal, the value of the Subject Property on or about January 26, 2011 was valued at $220,000. Attached hereto as Exhibit "4" is a true and correct copy of my appraisal of the Subject Property.

4. I have no present or contemplated future interest in the subject property described in the Appraisal of Real Property attached hereto as Exhibit "4". Neither my employment nor compensation for this appraisal is contingent upon the value found.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on June 2, 2011 at Whittier, California.


Shari Hill

UNITED STATES BANKRUPTCY COURT   CENTRAL DISTRICT OF CALIFORNIA   LOS ANGELES DIVISION   **PROOF OF CLAIM**

| Name of Debtor: Crispin Gallegos | Case Number:LA11-26056-AA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC1 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Saxon Mortgage Services, Inc<br>1270 Northland Drive, Suite 200<br>Mendota Heights, Minnesota 55120 | **Court Claim Number:_____**<br>   *(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>Saxon Mortgage Services, Inc.<br>Bankruptcy Department<br>P.O. Box 163169, Attn: Cashiering<br>Fort Worth, Texas 76161<br><br>Telephone Number:  (888) 325-3502 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $329,894.39<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim.  Attach itemized statement of interest or charges. | **5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box  and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:  Money Loaned**<br>      (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor: xxxxxx4154**<br><br>      **3a. Debtor may have scheduled account as: _____**<br>            (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other: _____<br>**Describe:** 14144 Durness Street, Baldwin Park, California 91706<br><br>**Value of Property:**  $_____        **Annual Interest Rate:**<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: **$13,850.31**   Basis for perfection: Recordation of Lien<br><br>**Amount of Secured Claim:**   $329,894.39        **Amount Unsecured:**        $0.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary. (*See instruction7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| Date:<br>*April 23, 2011*   **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice  address above. Attach copy of power of attorney, if any.<br><br>      /s/ Larry Buckley as Creditor's Authorized Agent      P. O. Box 829009<br>      972.643.6600                     Dallas, Texas 75382-9009 | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM - EXHIBIT A - ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING DOCUMENTS                1
7622-N-0761

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:                                    §
                                          §        CASE NO. LA11-26056-AA
CRISPIN GALLEGOS                          §
                                          §        CHAPTER 13
                                          §
                                          §        JUDGE ALAN M. AHART

### EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF SAXON MORTGAGE SERVICES, INC., AS SERVICING AGENT FOR HSBC
BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2006-NC1
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
14144 DURNESS STREET, BALDWIN PARK, CALIFORNIA 91706

### SECTION 1. ITEMIZATION OF CLAIM

| | | |
|---|---|---|
| • **Total Debt (As of April 13, 2011)** | | **$329,894.39** |
| • **Interest Rate as of April 13, 2011** | | **6.05%** |
| • **Interest from Last Paid Installment** | | **$12,873.08** |
| | | |
| • **Detail of Pre-Petition Arrearage through April 13, 2011** | | |
| 8 Payments from September 2010 to April 2011 at $1,532.51 each: | | $12,260.08 |
| | | |
| **\*\*PRE-PETITION ATTORNEY FEES & COSTS** | | $1,353.60 |
| Foreclosure Attorney Fees | $390.00 | |
| Recording Costs | $223.60 | |
| Statutory Costs | $115.00 | |
| Title Policy Costs | $625.00 | |
| | | |
| **\*\*OTHER PRE-PETITION AMOUNTS** | | $237.12 |
| BPO/Appraisal Costs | $150.00 | |
| Breach Fees | $12.53 | |
| Inspection Fee | $66.00 | |
| Modification Fee | $8.59 | |
| | | |
| **\*\*PRE-PETITION CREDITS** | | ($0.49) |
| Less Suspense Balance | ($0.49) | |
| | | |
| TOTAL PRE-PETITION ARREARAGE: | | $13,850.31 |

**TOTAL ARREARAGE**                                    **$13,850.31**

Your monthly payment amount may change due to an escrow requirement and/or interest rate adjustment.
Your current payment amount and any upcoming changes are provided below:

| Effective Date | Effective Amount |
|---|---|
| 05/01/2011 | $1,532.51 |

| Name of Debtor: Crispin Gallegos | Case Number: LA11-26056-AA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC1 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Saxon Mortgage Services, Inc<br>1270 Northland Drive, Suite 200<br>Mendota Heights, Minnesota 55120 | **Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>Saxon Mortgage Services, Inc.<br>Bankruptcy Department<br>P.O. Box 163169, Attn: Cashiering<br>Fort Worth, Texas 76161<br><br>Telephone Number: (888) 325-3502 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $92,993.53

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim: Money Loaned**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor: xxxxxx4158**

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other: _____
**Describe:** 14144 Durness Street, Baldwin Park, California 91706

**Value of Property: $**_____    **Annual Interest Rate:**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $19,626.00    Basis for perfection:** Recordation of Lien

**Amount of Secured Claim:** $92,993.53    **Amount Unsecured:**    $0.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| | |
|---|---|
| Date:<br>*April 23, 2011* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>/s/ Larry Buckley as Creditor's Authorized Agent    P. O. Box 829009<br>972.643.6600    Dallas, Texas 75382-9009 |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PROOF OF CLAIM - EXHIBIT A - ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING DOCUMENTS    1
7622·N-0763

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. LA11-26056-AA** |
| **CRISPIN GALLEGOS** | § | |
| | § | **CHAPTER 13** |
| | § | |
| | § | **JUDGE ALAN M. AHART** |

### EXHIBIT A
ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF SAXON MORTGAGE SERVICES, INC., AS SERVICING AGENT FOR HSBC
BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2006-NC1
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
14144 DURNESS STREET, BALDWIN PARK, CALIFORNIA 91706

### SECTION 1. ITEMIZATION OF CLAIM

- **Total Debt (As of April 13, 2011)**     **$92,993.53**
- **Interest Rate as of April 13, 2011**     **10.15%**
- **Interest from Last Paid Installment**     **$18,375.43**

- **Detail of Pre-Petition Arrearage through April 13, 2011**
  29 Payments from December 2008 to April 2011 at $675.40 each:     $19,586.60

  **\*\*OTHER PRE-PETITION AMOUNTS**     $39.40
       Breach Fees     $39.40

  TOTAL  PRE-PETITION ARREARAGE:     $19,626.00

## TOTAL ARREARAGE     **$19,626.00**

Your monthly payment amount may change due to an escrow requirement and/or interest rate adjustment.
Your current payment amount and any upcoming changes are provided below:

| Effective Date | Effective Amount |
|---|---|
| 05/01/2011 | $675.40 |



## Property Overview

**14144 DURNESS ST, BALDWIN PARK, CA, 91706- 5146**

### Owner and Geographic Information



| Primary Owner: | Secondary Owner: |
|---|---|
| GALLEGOS, CRISPIN | |
| **Mail Address:** | 14144 DURNESS ST BALDWIN PARK CA 91706 |
| **Site Address:** | 14144 DURNESS ST BALDWIN PARK CA 91706 |
| **APN :** 8555-013-013    **Lot Number :** 31 | **Page Grid :** 598-B7 |
| **Housing Tract Number:** | 18797 |

**Legal Description :** Lot: 31 Tract No: 18797 Abbreviated Description: LOT:31
CITY:REGION/CLUSTER: 06/06107 TR#:18797 TRACT # 18797 LOT 31 City/Muni/Twp:
REGION/CLUSTER: 06/06107

### Property Details



| Bedrooms : 2 | Year Built : 1957 | Square Feet : 878 SF |
|---|---|---|
| Bathrooms : 1 | Garage : | Lot Size : 5,140 SF |
| Total Rooms : | Fireplace : | Number of Units : 1 |
| Zoning : BPR1* | Pool : | Use Code : Single Family Residential |

### Sale & Loan



| Transfer Date : 09/16/2005 | Seller : GARCIA, CARLOS; GARCIA, BRIGIDA | |
|---|---|---|
| Transfer Value : $380,000 | Document # : 05-2238467 | Cost/Sq Feet : $432 |

### Assessment & Taxes



| Assessed Value : $216,900 | Percent Improvement : 20.01% | Homeowner Exemption : H |
|---|---|---|
| Land Value : $173,500 | Tax Amount : $2,925.18 | Tax Rate Area : 2-088 |
| Improvement Value : $43,400 | Tax Status : Current | Tax Account ID : |
| Market Improvement Value : | Market Land Value : | Market Value : |

Offered by Ticor Title Insurance
All information produced is deemed reliable but is not guaranteed.

 **TICOR TITLE COMPANY**

# EXHIBIT 3



## TICOR TITLE

TicorOnline.com

---

### Property History

14144 DURNESS ST, BALDWIN PARK, CA, 91706- 5146

### Foreclosure Record

| | | | |
|---|---|---|---|
| **Recording Date** | 03/23/2011 | **Document #** | 11-0435347 BK-PG - |
| **Document Type** | Notice of Default | | |
| **Beneficiary Name** | SAXON MORTGAGE SERVICES INC | | |
| **Trustor Names** | GALLEGOS, CHRISPIN | | |
| **Trustee Name** | THE WOLF FIRM | | |
| **Mailing Address** | 2955 MAIN ST, FL 2, IRVINE, CA 92614- | | |
| **Trustee Phone #** | 949-720-9200 | | |
| **TS#** | 11-3979-77 | **Loan Doc #** | 05-2238468 |
| **Loan Date** | 09/16/2005 | **Loan Amount** | $304,000 |
| **Contact Name** | THE WOLF FIRM | **Attention** | FORECLOSURE DEPARTMENT |
| **Mailing Address** | 2955 MAIN ST, FL 2, IRVINE, CA 92614- | | |
| **Legal Description : Lot: 31** | | | |

### Mortgage Record

| | | | |
|---|---|---|---|
| **Recording Date** | 09/16/2005 | **Document #** | 05-2238469 BK-PG - |
| **Loan Amount:** | $76,000 | **Loan Type** | Stand Alone Second |
| **TD Due Date** | 10/01/2035 | **Type of Financing** | FIX |
| **Lender Name** | NEW CENTURY MORTGAGE CORP | | |
| **Lender Type** | *X | **Vesting** | |
| **Borrowers Name** | GALLEGOS,CRISPIN | | |
| **Legal Description : Lot: 31  Tract No: 18797 City/Muni/Twp: BALDWIN PARK** | | | |

### Prior Transfer

| | | | |
|---|---|---|---|
| **Recording Date** | 09/16/2005 | **Document #** | 05-2238467 BK-PG - |
| **Price** | $380,000 | **Document Type** | Grant Deed |
| **First TD** | $304,000 | **Type of Sale** | Full-Computed from Transfer Tax |
| **Mortgage Doc #** | 05-2238468 | **Interest Rate** | 6.05% |
| **Lender Name** | NEW CENTURY MORTGAGE CORP | | |

| Buyer Name | GALLEGOS, CRISPIN | Seller Name | GARCIA, CARLOS; GARCIA, BRIGIDA |
|---|---|---|---|
| **Buyer Vesting** | N/A | | |
| **Fixed Step** | | | |
| **Adjustable Rate Index** | 6 Month Libor | **Change Index** | 6.15% |
| **Rate Change Frequency** | Six months or Semi-annually | **First Change Date** | 10/01/2007 |
| **Int Rate not <** | 6.05% | **Int Rate not >** | 7.55% |
| **Maximum Interest Rate** | 13.05% | **Interest Only Period** | 5 years |
| **Prepayment Penalty Rider** | Yes | **Prepayment Penalty Term** | 24 months |
| **Legal Description :** Lot: 31  Tract No: 18797  Map Ref: MB605 PG61-63 City/Muni/Twp: BALDWIN PARK | | | |

**Offered by Ticor Title Insurance**
All information produced is deemed reliable but is not guaranteed.

 **TICOR TITLE COMPANY**

File No.  SH2120-1A
Case No.  GALLEGOS

## Uniform Residential Appraisal Report

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 14144 DURNESS STREET | City BALDWIN PARK  State CA  Zip Code 91706-5146 |
| Borrower GALLEGOS  Owner of Public Record GALLEGOS | County LOS ANGELES |
| Legal Description TRACT 18797 LOT 31 | |
| Assessor's Parcel # 8555-013-013 | Tax Year 2011  R.E. Taxes $ 2,925.18 |
| Neighborhood Name N/A | Map Reference 598-B7  Census Tract 4048.02 |
| Occupant [X] Owner [ ] Tenant [ ] Vacant  Special Assessments $ 0 | [ ] PUD  HOA $ 0  [ ] per year [ ] per month |
| Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe) | |
| Assignment Type [ ] Purchase Transaction [ ] Refinance Transaction [X] Other (describe) | ACERTAIN MARKET VALUE |
| Lender/Client CENTURY 21 FOOTHILLS  Address | |

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [ ] Yes [X] No
Report data source(s) used, offering price(s), and date(s).  PUBLIC RECORDS, MLS

I [ ] did [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $  Date of Contract  Is the property seller the owner of public record? [ ] Yes [ ] No  Data Source(s)
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No
If Yes, report the total dollar amount and describe the items to be paid.

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location [ ] Urban [X] Suburban [ ] Rural | Property Values | [ ] Increasing [X] Stable [ ] Declining | | PRICE $(000) | AGE (yrs) | One-Unit 85 % | | | |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply | [ ] Shortage [X] In Balance [ ] Over Supply | | 375 High 80 | | 2-4 Unit 5 % | | | |
| Growth [ ] Rapid [X] Stable [ ] Slow | Marketing Time | [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | 100 Low 15 | | Multi-Family 5 % | | | |
| | | | | 220 Pred. 50 | | Commercial 5 % | | | |
| | | | | | | Other % | | | |

Neighborhood Boundaries  THE SUBJECT AREA IS LOCATED NORTH-RAMONA BLVD., SOUTH-10 FWY., EAST-PUENTE AVE., WEST-CITY LIMITS

Neighborhood Description  SUBJECT NEIGHBORHOOD HAS AVERAGE ACCESS TO EMPLOYMENT AND ALL SUPPORT SERVICES (SHOPPING, SCHOOLS, POLICE/FIRE, AND RECREATIONAL FACILITIES). AREA HAS AVERAGE EMPLOYMENT STABILITY, AND OVERALL AVERAGE APPEAL TO THE MARKETPLACE. NO SIGNIFICANT NEGATIVE FACTORS THAT AFFECT THE MARKETABILITY OF THE PROPERTIES IN THE NEIGHBORHOOD WERE NOTED.

Market Conditions (including support for the above conclusions)  SUBJECT NEIGHBORHOOD APPEARS TO HAVE STABLE MARKET VALUES AND STABLE SUPPLY/DEMAND. MARKETING TIMES FOR PROPERLY PRICED PROPERTIES APPEAR TO BE 3-6 MONTHS. SALES FINANCING IS TYPICALLY CONVENTIONAL IN NATURE.

| | |
|---|---|
| Dimensions 53 X 97 | Area 5,141 SQFT  Shape RECTANGULAR  View AVERAGE |
| Specific Zoning Classification BPR1* | Zoning Description SINGLE FAMILY RESIDENCE |
| Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe) | |

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No  If No, describe.

| Utilities  Public  Other (describe) | | | Public  Other (describe) | | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|
| Electricity [X] | | Water [X] | | | Street ASPHALT | [X] | |
| Gas [X] | | Sanitary Sewer [X] | | | Alley NONE | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No  FEMA Flood Zone X  FEMA Map # 06010017700F  FEMA Map Date 09/26/2008
Are the utilities and/or off-site improvements typical for the market area? [X] Yes [ ] No  If No, describe.
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No  If Yes, describe.

| General Description | | Foundation | | Exterior Description  materials/condition | | Interior  materials/condition | |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One with Accessory Unit | | [X] Concrete Slab [ ] Crawl Space | | Foundation Walls CONCRETE/AVG | | Floors TILE/CARPET/AVG | |
| # of Stories 1 Story | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls STUCCO/AVG | | Walls DRYWALL/AVG | |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | | Basement Area 0 sq. ft. | | Roof Surface COMP/AVG | | Trim/Finish WOOD/AVG | |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish 0 % | | Gutters & Downspouts NONE/AVG | | Bath Floor TILE/AVG | |
| Design (Style) CONV | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type WD/ALUM/AVG | | Bath Wainscot TILE/AVG | |
| Year Built 1957 | | Evidence of [ ] Infestation N/A | | Storm Sash/Insulated N/A | | Car Storage [ ] None | |
| Effective Age (Yrs) 50+ | | [ ] Dampness [ ] Settlement | | Screens YES/AVG | | [ ] Driveway  # of Cars | |
| Attic [ ] None | | Heating [X] FWA [ ] HWBB [ ] Radiant | | Amenities | Woodstove(s) # | Driveway Surface CONCRETE | |
| [ ] Drop Stair [ ] Stairs | | [X] Other WALL  Fuel GAS | | [ ] Fireplace(s) # | [X] Fence | [ ] Garage  # of Cars 1 | |
| [ ] Floor [ ] Scuttle | | Cooling [ ] Central Air Conditioning | | [X] Patio/Deck | [X] Porch | [ ] Carport  # of Cars | |
| [ ] Finished [ ] Heated | | [ ] Individual [X] Other NONE | | [ ] Pool | [ ] Other | [X] Att. [ ] Det. [ ] Built-in | |

Appliances [X] Refrigerator [X] Range/Oven [X] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer [ ] Other (describe)
Finished area above grade contains:  4 Rooms  3 Bedroom(s)  1.0 Bath(s)  878 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.).  SUBJECT FEATURES INCLUDE: PATIO, PERIMETER FENCING, RAISED PANEL DOORS.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  SUBJECT IS IN OVERALL AVERAGE CONDITION, IS OF AVERAGE QUALITY AND HAS AVERAGE APPEAL TO THE MARKET. NO FUNCTIONAL DEPRECIATION NOTED. NO MAJOR REPAIRS/MODERNIZATION NECESSARY. TYPICAL DEPRECIATION NOTED.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No  If Yes, describe.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No  If No, describe.

Freddie Mac Form 70  March 2005

Fannie Mae Form 1004  March 2005
Page 1 of 20

EXHIBIT 1

File No.   SH2120-1A
Case No.   GALLEGOS

## Uniform Residential Appraisal Report

| There are | 6+- | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ | | 178,000 | to $ | 729,000 | |
|---|---|---|---|---|---|---|---|
| There are | 40+- | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ | | 105,000 | to $ | 283,000 | |

| FEATURE | SUBJECT | COMPARABLE SALE #1 | | COMPARABLE SALE #2 | | COMPARABLE SALE #3 | |
|---|---|---|---|---|---|---|---|
| Address | 14144 DURNESS STREET | 3333 VINELAND AVENUE | | 3343 VINELAND AVENUE | | 13650 FOSTER AVENUE | |
| | BALDWIN PARK, CA 91706-5146 | BALDWIN PARK | | BALDWIN PARK | | BALDWIN PARK | |
| Proximity to Subject | | 0.13 miles NE | | 0.15 miles NE | | 0.41 miles W | |
| Sale Price | $ | | $ 255,000 | | $ 224,500 | | $ 222,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 309.47 sq. ft. | | $ 272.45 sq. ft. | | $ 247.77 sq. ft. | |
| Data Source(s) | PUB. RECS. | PUBLIC RECORDS/MLS | | PUBLIC RECORDS/MLS | | PUBLIC RECORDS/MLS | |
| Verification Source(s) | INSPECTION | APN # 8555-012-020 | | APN # 8555-012-022 | | APN # 8552-023-020 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | DOC #1909274 | | DOC #1283135 | | DOC #1927269 | |
| Concessions | | CONV | | CONV | | CONV | |
| Date of Sale/Time | | COE 12/23/2010 | | COE 09/13/2010 | | COE 12/29/2010 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 5,141 SQFT | 7,830 SQ.FT. | -5,500 | 7,830 SQ.FT. | -5,500 | 5,900 SQ.FT. | |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design (Style) | CONV | CONV | | CONV | | CONV | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 54 YRS | 61 YRS | | 61 YRS | | 59 YRS | |
| Condition | AVERAGE | SUPERIOR | -25,000 | AVERAGE | | AVERAGE | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 4   2   1.0 | 4   2   1.00 | | 4   2   1.00 | | 4   2   1.00 | |
| Gross Living Area | 878 sq. ft. | 824 sq. ft. | | 824 sq. ft. | | 896 sq. ft. | |
| Basement & Finished | | | | | | | |
| Rooms Below Grade | 0 | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | WALL/ NONE | FAU/CAC | | WALL/ NONE | | WALL/ NONE | |
| Energy Efficient Items | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Garage/Carport | 1 CAR GARAGE | 1 CAR GARAGE | | 1 CAR GARAGE | | 1 CAR GARAGE | |
| Porch/Patio/Deck | PORCH/PATIO | PORCH/PATIO | | PORCH/PATIO | | PORCH/PATIO | |
| Fireplace | NONE | NONE | | NONE | | 1 FIREPLACE | |
| Pool/Spa | NONE | NONE | | NONE | | NONE | |
| DAYS ON MARKET | | 83 | | 10-REO | | 45-REO | |
| Net Adjustment (Total) | | + X - | $ -30,500 | + X - | $ -5,500 | + X - | $ 0 |
| Adjusted Sale Price | | Net Adj: -12% | | Net Adj: -2% | | Net Adj: 0% | |
| of Comparables | | Gross Adj: 12% | $ 224,500 | Gross Adj: 2% | $ 219,000 | Gross Adj: 0% | $ 222,000 |

I X did   did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research   did X did X did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s) PUBLIC RECORDS
My research   did X did X did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s) PUBLIC RECORDS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 09/16/2005 | N/A | 12/12/2000 | 02/04/1975 |
| Price of Prior Sale/Transfer | $380,000 | N/A | $135,000 | $20,000 |
| Data Source(s) | PUBLIC RECORDS | PUBLIC RECORDS | PUBLIC RECORDS | PUBLIC RECORDS |
| Effective Date of Data Source(s) | 01/2011 | 01/2011 | 01/2011 | 01/2011 |

Analysis of prior sale or transfer history of the subject property and comparable sales  THE SUBJECT HAS NOT TRANSFERRED NOR SOLD WITHIN THE PAST 36
MONTHS. THE SUBJECT IS NOT CURRENTLY LISTED FOR SALE NOR HAS BEEN LISTED WITHIN THE PAST 12 MONTHS. THE COMPARABLES
HAVE NOT SOLD WITHIN THE LAST 12 MONTHS EXCEPT AS STATED. PLEASE SEE THE ABOVE FOR THE SUBJECT PROPERTY'S LAST DATE
OF TRANSFER OR SALE.

Summary of Sales Comparison Approach   THE COMPARABLES USED WERE THE BEST AVAILABLE IN THE SUBJECT'S IMMEDIATE MARKET AREA. SITE
ADJUSTMENTS WERE MADE AT $2 PER SQUARE FOOT.

Indicated Value by Sales Comparison Approach $   220,000
Indicated Value by: Sales Comparison Approach $   220,000   Cost Approach (if developed) $   220,920   Income Approach (if developed) $   0
THE MARKET APPROACH GIVE THE BEST INDICATION OF FAIR MARKET VALUE. THE INCOME APPROACH IS NOT APPLICABLE DUE TO THE
SUBJECT BEING AN SFR AND THE LACK OF RENTAL DATA. NO WEIGHT WAS PLACED ON THE COST APPROACH DUE TO A LACK OF
VERIFIABLE LAND SALES IN THE AREA.

This appraisal is made X "as is,"   subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been
completed,   subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or   subject to the
following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:  SEE ATTACHED ADDENDUM

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting
conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$   220,000   , as of   01/26/2011   , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70  March 2005

Fannie Mae Form 1004  March 2005
Page   2  of  20

APPRAISER

File No.   SH2120-1A
Case No.   GALLEGOS

## Uniform Residential Appraisal Report

**ADDITIONAL COMMENTS**

### COST APPROACH TO VALUE (not required by Fannie Mae.)

Provide adequate information for the lender/client to replicate your cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)  LAND VALUE BY ABSTRACTION LAND TO
IMPROVEMENT RATIO TYPICAL FOR THE AREA.

| ESTIMATED | REPRODUCTION OR | X | REPLACEMENT COST NEW | OPINION OF SITE VALUE | | | =$ | 70,000 |
|---|---|---|---|---|---|---|---|---|
| Source of cost data  SEE BELOW | | | | Dwelling | 878 | Sq. Ft. @ $ | 140.00 | =$ | 122,920 |
| Quality rating from cost service | N/A | Effective date of cost data | N/A | Bsmt | 0 | Sq. Ft. @ $ | | =$ | 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | PATIO/PORCH | | | | 10,000 |
| INTERVIEWS WITH LOCAL CONTRACTORS AND MY WORKING | | | | Garage/Carport | 320 | Sq. Ft. @ $ | 25.00 | =$ | 8,000 |
| KNOWLEDGE IS USED FOR COST APPROACH FIGURES. AGE / LIFE | | | | Total Estimate of Cost-new | | | | =$ | 140,920 |
| METHOD IS USED FOR PHYSICAL DEPRECIATION. THE ESTIMATED | | | | Less | Physical 0 | Functional | External | |
| REMAINING ECONOMIC LIFE IS APPROXIMATELY +- YEARS. | | | | Depreciation | 0 | 0 | 0 | =$ ( | 0 |
| | | | | Depreciated Cost of Improvements | | | =$ | 140,920 |
| | | | | "As-is" Value of Site Improvements | | | =$ | 10,000 |
| Estimated Remaining Economic Life (HUD and VA only) | | | Years | Indicated Value By Cost Approach | | | =$ | 220,920 |

### INCOME APPROACH TO VALUE (not required by Fannie Mae.)

| Estimated Monthly Market Rent $ | N/A | X Gross Multiplier | N/A | =$ | 0 | Indicated Value by Income Approach | |

Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

| Is the developer/builder in control of the Homeowner's Association (HOA)? | | Yes | | No  Unit type(s) | | Detached | | Attached | |

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | | Total number of units | | Total number of units sold | |
| Total number of units rented | | Total number of units for sale | | Data source(s) | |
| Was the project created by the conversion of existing building(s) into a PUD? | | Yes | | No  If Yes, date of conversion. |
| Does the project contain any multi-dwelling units? | | Yes | | No  Data source. |
| Are the units, common elements, and recreation facilities complete? | | Yes | | No  If No, describe the status of completion. |

| Are the common elements leased to or by the Homeowner's Association? | | Yes | | No  If Yes, describe the rental terms and options. |

Describe common elements and recreational facilities.

APPRAISER
EXTRA COMPARABLES 4-5-6

File No.    SH2120-1A
Case No.    GALLEGOS

Borrower  GALLEGOS
Property Address  14144 DURNESS STREET

| City | BALDWIN PARK | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
|------|-------------|--------|-------------|-------|-----|----------|------------|
| Lender/Client | | CENTURY 21 FOOTHILLS | Address | | | | |

| FEATURE | SUBJECT | | | COMPARABLE SALE # 4 | | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---------|---------|---|---|---------------------|---|---|---------------------|---|---------------------|---|
| Address | 14144 DURNESS STREET | | | 14028 REXWOOD AVENUE | | | | | | |
| | BALDWIN PARK, CA 91706-5146 | | | BALDWIN PARK | | | | | | |
| Proximity to Subject | | | | 0.13 miles SW | | | | | | |
| Sale Price | $ | | | $ 259,800 | | | $ | | $ | |
| Sale Price/Gross Liv. Area | $ | 0.00 | sq. ft. | $ 295.90 | sq. ft. | | $ sq. ft. | | $ sq. ft. | |
| Data Source(s) | PUB. REC. | | | PUBLIC RECORDS/MLS | | | | | | |
| Verification Source(s) | INSPECTION | | | APN # 8555-014-014 | | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | | | DESCRIPTION | +(-) $ Adjustment | | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | | | BACKUP 2%+- | -5,000 | | | | | |
| Concessions | | | | LISTING | | | | | | |
| Date of Sale/Time | | | | LIST 12/26/10 | | | | | | |
| Location | AVERAGE | | | AVERAGE | | | | | | |
| Leasehold/Fee Simple | FEE SIMPLE | | | FEE SIMPLE | | | | | | |
| Site | 5,141 SQFT | | | 5,202 SQ.FT. | | | | | | |
| View | AVERAGE | | | AVERAGE | | | | | | |
| Design (Style) | CONV | | | CONV | | | | | | |
| Quality of Construction | AVERAGE | | | AVERAGE | | | | | | |
| Actual Age | 54 YRS | | | 54 YRS | | | | | | |
| Condition | AVERAGE | | | SUPERIOR | -25,000 | | | | | |
| Above Grade | Total | Bdrms | Baths | Total | Bdrms | Baths | Total | Bdrms | Baths | Total | Bdrms | Baths |
| Room Count | 4 | 2 | 1.0 | 4 | 2 | 1.00 | | | | | |
| Gross Living Area | 878 | sq. ft. | | 878 | sq. ft. | | sq. ft. | | sq. ft. | |
| Basement & Finished | | | | | | | | | | |
| Rooms Below Grade | 0 | | | NONE NOTED | | | | | | |
| Functional Utility | AVERAGE | | | AVERAGE | | | | | | |
| Heating/Cooling | WALL/ NONE | | | WALL/ NONE | | | | | | |
| Energy Efficient Items | TYPICAL | | | TYPICAL | | | | | | |
| Garage/Carport | 1 CAR GARAGE | | | 1 CAR GARAGE | | | | | | |
| Porch/Patio/Deck | PORCH/PATIO | | | PORCH/PATIO | | | | | | |
| Fireplace | NONE | | | NONE | | | | | | |
| Pool/Spa | NONE | | | NONE | | | | | | |
| DAYS ON MARKET | | | | 21 | | | | | | |
| Net Adjustment (Total) | | | | + X - | $ -30,000 | + - | $ 0 | + - | $ 0 |
| Adjusted Sale Price | | | | Net Adj. 12% | | Net Adj. 0% | | Net Adj. 0% | |
| of Comparables | | | | Gross Adj. 12% | $ 229,800 | Gross Adj. 0% | $ 0 | Gross Adj. 0% | $ 0 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales

| ITEM | SUBJECT | COMPARABLE SALE # 4 | COMPARABLE SALE # 5 | COMPARABLE SALE # 6 |
|------|---------|---------------------|---------------------|---------------------|
| Date of Prior Sale/Transfer | 09/16/2005 | 07/06/2006 | | |
| Price of Prior Sale/Transfer | $380,000 | $425,000 | | |
| Data Source(s) | PUBLIC RECORDS | PUBLIC RECORDS | | |
| Effective Date of Data Source(s) | 01/2011 | 01/2011 | | |

Analysis of prior sale or transfer history of the subject property and comparable sales  THE SUBJECT HAS NOT TRANSFERRED NOR SOLD WITHIN THE PAST 36
MONTHS. THE SUBJECT IS NOT CURRENTLY LISTED FOR SALE NOR HAS BEEN LISTED WITHIN THE PAST 12 MONTHS. THE COMPARABLES HAVE NOT
SOLD WITHIN THE LAST 12 MONTHS EXCEPT AS STATED. PLEASE SEE THE ABOVE FOR THE SUBJECT PROPERTY'S LAST DATE OF TRANSFER OR
SALE.

Summary of Sales Comparison Approach   THE COMPARABLES USED WERE THE BEST AVAILABLE IN THE SUBJECT'S IMMEDIATE MARKET AREA. SITE
ADJUSTMENTS WERE MADE AT $2 PER SQUARE FOOT.

| | File No. | SH2120-1A |
| --- | --- | --- |
| **Uniform Residential Appraisal Report** | Case No. | GALLEGOS |

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

Case 2:11-bk-26056-TD   Doc 20   Filed 06/07/11   Entered 06/07/11 14:25:38   Desc
Main Document   Page 20 of 36

APPRAISAL
Uniform Residential Appraisal Report

File No.   SH2120-1A
Case No.   GALLEGOS

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

**Uniform Residential Appraisal Report**

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

### SUPERVISORY APPRAISER'S CERTIFICATION: The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name   SHARI L HILL | Name |
| Company Name  HILLHOUSE Appraisals | Company Name |
| Company Address  34 WILDWHEAT | Company Address |
| IRVINE CA 92614 | |
| Telephone Number  (949) 292-8771 | Telephone Number |
| Email Address  1hillhouse@pacbell.net | Email Address |
| Date of Signature and Report 01/26/2011 | Date of Signature |
| Effective Date of Appraisal 01/26/2011 | State Certification # |
| State Certification # | or State License # |
| or State License #   AL034847 | State |
| or Other (describe) _____ State # _____ | Expiration Date of Certification or License |
| State   CA | |
| Expiration Date of Certification or License 08/23/2012 | |
| | SUBJECT PROPERTY |
| ADDRESS OF PROPERTY APPRAISED | ☐ Did not inspect subject property |
| 14144 DURNESS STREET | ☐ Did inspect exterior of subject property from street |
| BALDWIN PARK, CA 91706-5146 | Date of Inspection _____ |
| | ☐ Did inspect interior and exterior of subject property |
| APPRAISED VALUE OF SUBJECT PROPERTY $ 220,000 | Date of Inspection _____ |
| LENDER/CLIENT | |
| Name | COMPARABLE SALES |
| Company Name CENTURY 21 FOOTHILLS | ☐ Did not inspect exterior of comparable sales from street |
| Company Address | ☐ Did inspect exterior of comparable sales from street |
| | Date of Inspection _____ |
| Email Address | |

File No.   SH2120-1A

## Market Conditions Addendum to the Appraisal Report
Case No.   GALLEGOS

The purpose of this addendum is to provide the lender/client with a clear and accurate understanding of the market trends and conditions prevalent in the subject neighborhood. This is a required addendum for all appraisal reports with an effective date on or after April 1, 2009.

| Property Address | 14144 DURNESS STREET | City | BALDWIN PARK | State | CA | ZIP Code | 91706-5146 |
|---|---|---|---|---|---|---|---|

Borrower    GALLEGOS

Instructions: The appraiser must use the information required on this form as the basis for his/her conclusions and must provide support for those conclusions, regarding housing trends and overall market conditions as reported in the Neighborhood section of the appraisal report form. The appraiser must fill in all the information to the extent it is available and reliable and must provide analysis as indicated below. If any required data is unavailable or is considered unreliable, the appraiser must provide an explanation. It is recognized that not all data sources will be able to provide data for the shaded areas below; if it is available, however, the appraiser must include that data in the analysis. If data sources provide all the required information as an average instead of the median, the appraiser should report the available figure and identify it as an average. Sales and listings must be properties that compete with the subject property, determined by applying the criteria that would be used by a prospective buyer of the subject property. The appraiser must explain any anomalies in the data, such as seasonal markets, new construction, foreclosures, etc.

| Inventory Analysis | Prior 7-12 Months | Prior 4-6 Months | Current - 3 Months | | Overall Trend | | | |
|---|---|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | 24 | 10 | 6 | | Increasing | | Stable | X | Declining |
| Absorption Rate (Total Sales/Months) | 4.00 | 3.33 | 2.00 | | Increasing | | Stable | X | Declining |
| Total # of Comparable Active Listings | 46 | 52 | 25 | X | Declining | | Stable | | Increasing |
| Months of Housing Supply (Total Listings/Ab. Rate) | 12.25 | 9.61 | 12.50 | | Declining | X | Stable | | Increasing |
| Median Sale & List Price, DOM, Sale/List % | Prior 7-12 Months | Prior 4-6 Months | Current - 3 Months | | Overall Trend | | | |
| Median Comparable Sales Price | 220,000 | 241,200 | 228,500 | | Increasing | X | Stable | | Declining |
| Median Comparable Sales Days on Market | 17 | 19 | 43 | | Declining | | Stable | X | Increasing |
| Median Comparable List Price | 215,000 | 223,500 | 215,000 | | Increasing | X | Stable | | Declining |
| Median Comparable Listing Days on Market | 45 | 58 | 51 | | Declining | X | Stable | X | Increasing |
| Median Sale Price as % of List Price | 1.01 | 1.08 | 1.06 | | Increasing | X | Stable | | Declining |
| Seller-(developer, builder, etc.) paid financial assistance prevalent? | | X | Yes | | No | | Declining | X | Stable | | Increasing |

Explain in detail seller concessions trends for the past 12 months (e.g. seller contributions increased from 3% to 5%, increasing use of buydowns, closing costs condo fees, options, etc.)

THE SELLER CONCESSIONS APPEAR TO BE PREVALENT IN THE SUBJECT MARKET AREA. THE TREND APPEARS TO BE SOMEWHAT STABLE
AT THE TIME OF INSPECTION.



| Are foreclosure sales (REO sales) a factor in the market? | X | Yes | No | If yes, explain (including the trends in listings and sales of foreclosed properties). |

AT THE TIME OF INSPECTION, THERE WERE SEVERAL FORECLOSURE SALES IN THE SUBJECT PROPERTY MARKET AREA. THIS DOES NOT
APPEAR TO HAVE AN EFFECT ON THE MARKETABILITY OF THE SUBJECT PROPERTY.




Cite data sources for above information.

MLS

Summarize the above information as support for your conclusions in the Neighborhood section of the appraisal report form. If you used any additional information, such as an analysis of pending sales, and/or expired and withdrawn listings, to formulate your conclusions, provide both an explanation and support for your conclusions.
MLS AND PUBLIC RECORDS RESOURCES WERE USED TO FORMULATE THE ABOVE INFORMATION. THE SUBJECT PROPERTY AREA MARKET
APPEARS TO BE STABLE WITH SEVERAL FORECLOSURE PROPERTIES AVAILABLE AT THE TIME OF THE INSPECTION.

APPRAISER'S "INVENTORY ANALYSIS," "MEDIAN SALE & LIST PRICE, DOM" AND OTHER OBSERVATIONS IN THIS ADDENDUM ARE BASED ON
THE DATA SOURCE IDENTIFIED ABOVE, WHICH APPRAISER GENERALLY BELIEVES TO BE AN ACCEPTABLE SOURCE OF MARKET DATA.
HOWEVER, THE APPRAISER CANNOT VERIFY ALL OF THE INFORMATION IN THAT DATA SOURCE AND CANNOT GUARANTEE THE ACCURACY
OF SUCH DATA OR CONCLUSIONS BASED THEREON. THE APPRAISER ALSO CANNOT GUARANTEE FUTURE MARKET CONDITIONS
AFFECTING THE SUBJECT PROPERTY.

If the subject is a unit in a condominium or cooperative project, complete the following:    Project Name:

| Subject Project Data | Prior 7-12 Months | Prior 4-6 Months | Current - 3 Months | | Overall Trend | | | |
|---|---|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | | | | | Increasing | | Stable | | Declining |
| Absorption Rate (Total Sales/Months) | | | | | Increasing | | Stable | | Declining |
| Total # of Active Comparable Listings | | | | | Declining | | Stable | | Increasing |
| Months of Unit Supply (Total Listings/Ab. Rate) | | | | | Declining | | Stable | | Increasing |

| Are foreclosure sales (REO sales) a factor in the project? | | Yes | | No | If yes, indicate the number of REO listings and explain the trends in listings and sales |

of foreclosed properties.









Summarize the above trends and address the impact on the subject unit and project.







| Signature | | Signature | |
|---|---|---|---|
| Appraiser Name | SHARI L HILL | Supervisor Name | |
| Company Name | Vandalay Appraisals | Company Name | |
| Company Address | 4215 TIERRA REJADA RD., STE. 112, MOORPARK, CA 93021 | Company Address | |
| State License/Certification # | AL034647 | State | CA | State License/Certification # | | State | |
| Email Address | 1hillhouse@pacbell.net | Email Address | |

## COMMENT ADDENDUM

File No.   SH2120-1A
Case No.   GALLEGOS

Borrower   GALLEGOS
Property Address   14144 DURNESS STREET
City   BALDWIN PARK   County   LOS ANGELES   State   CA   Zip Code   91706-5146
Lender/Client   CENTURY 21 FOOTHILLS   Address

ELECTRONIC SIGNATURES ARE UTILIZED IN THIS REPORT. USPAP AND THE APPRAISAL STANDARDS BOARD STATE THAT ELECTRONICALLY AFFIXING A SIGNATURE TO A REPORT CARRIES THE SAME LEVEL OF AUTHENTICITY AND RESPONSIBILITY AS AN INK SIGNATURE ON A PAPER COPY REPORT (THE TERM "WRITTEN RECORDS" INCLUDES INFORMATION STORED ON ELECTRIC, MAGNETIC OR OTHER MEDIA). ALL ELECTRONIC SIGNATURES IN THIS REPORT HAVE A SECURITY FEATURE MAINTAINED BY INDIVIDUAL PASSWORDS FOR EACH SIGNING APPRAISER. NO PERSON CAN ALTER THE APPRAISAL WITH THE EXCEPTION OF THE ORIGINAL SIGNING APPRAISER(S).

THE INTENDED USER OF THIS APPRAISAL REPORT IS THE LENDER/CLIENT. THE INTENDED USE IS TO EVALUATE THE PROPERTY THAT IS THE SUBJECT OF THIS APPRAISAL FOR A MORTGAGE FINANCE TRANSACTION, SUBJECT TO THE STATED SCOPE OF WORK, PURPOSE OF THE APPRAISAL, REPORTING REQUIREMENTS OF THIS APPRAISAL REPORT FORM, AND DEFINITION OF MARKET VALUE. NO ADDITIONAL INTENDED USERS ARE IDENTIFIED BY THE APPRAISER.

NEIGHBORHOOD DESCRIPTION
SUBJECT NEIGHBORHOOD HAS AVERAGE ACCESS TO EMPLOYMENT AND ALL SUPPORT SERVICES (SHOPPING, SCHOOLS, POLICE/FIRE, AND RECREATIONAL FACILITIES). AREA HAS AVERAGE EMPLOYMENT STABILITY, AND OVERALL AVERAGE APPEAL TO THE MARKETPLACE. NO SIGNIFICANT NEGATIVE FACTORS THAT AFFECT THE MARKETABILITY OF THE PROPERTIES IN THE NEIGHBORHOOD WERE NOTED.

NEIGHBORHOOD MARKET CONDITIONS
SUBJECT NEIGHBORHOOD APPEARS TO HAVE STABLE MARKET VALUES AND STABLE SUPPLY/DEMAND. MARKETING TIMES FOR PROPERLY PRICED PROPERTIES APPEAR TO BE 3-6 MONTHS. SALES FINANCING IS TYPICALLY CONVENTIONAL IN NATURE. CONCESSIONS, BUYDOWNS AND DISCOUNTS ARE NOT COMMONPLACE IN THE AREA. CONCESSIONS ARE BEING OFFERED ON AN INDIVIDUAL BASIS.

CONDITIONS OF APPRAISAL
NO CONDITIONS. NO WARRANTY OF PROPERTY IS GIVEN OR IMPLIED. NO LIABILITY IS ASSUMED FOR THE STRUCTURAL OR MECHANICAL ELEMENTS OF THE PROPERTY. COMPLETE APPRAISAL, SUMMARY APPRAISAL REPORT.

ADDITIONAL COMMENTS
IT IS NOTED THAT NO PERSONAL PROPERTY WAS CONSIDERED IN THE OPINION OF VALUE.

LEGAL DESCRIPTION:
ASSESSOR'S PARCEL NUMBER:
IT IS NOTED THAT THE SUBJECT LEGAL AND APN WERE TAKEN FROM REALQUEST, A PRIVATE DATA SOURCE.

APPRAISER
### SKETCH ADDENDUM

File No.    SH2120-1A
Case No.    GALLEGOS

| Borrower | GALLEGOS | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 | |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | | |



APPRAISAL
LOCATION MAP ADDENDUM

File No.    SH2120-1A
Case No.    GALLEGOS

| Borrower | GALLEGOS | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | |
| City BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | |



**PLAT MAP**

File No.    SH2120-1A
Case No.    GALLEGOS

| Borrower | GALLEGOS | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | |



APPRAISER
**SUBJECT PHOTO ADDENDUM**

File No.   SH2120-1A
CASE NO.  GALLEGOS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | GALLEGOS | | | | | | |
| Property Address | 14144 DURNESS STREET | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | |



**FRONT OF
SUBJECT PROPERTY**
14144 DURNESS STREET
BALDWIN PARK, CA 91706-5146



**REAR OF
SUBJECT PROPERTY**



**STREET SCENE**

APPRAISER
### SUBJECT PHOTO ADDENDUM

File No.   SH2120-1A
CASE NO.  GALLEGOS

| Borrower | GALLEGOS | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | |



LIVING ROOM



DINING



KITCHEN

## SUBJECT PHOTO ADDENDUM

APPRAISER

File No.   SH2120-1A
CASE NO.  GALLEGOS

| Borrower | GALLEGOS | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 | |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | | |



KITCHEN



BATHROOM



BEDROOM 1

APPRAISER
**SUBJECT PHOTO ADDENDUM**

File No.    SH2120-1A
CASE NO.  GALLEGOS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | GALLEGOS | | | | | | |
| Property Address | 14144 DURNESS STREET | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | | Address | | | |



BEDROOM 2



APPRAISER
COMPARABLES 1-2-3

File No.    SH2120-1A
CASE NO.  GALLEGOS

| Borrower | GALLEGOS | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 | |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | | |



**COMPARABLE SALE #**    1
3333 VINELAND AVENUE
BALDWIN PARK



**COMPARABLE SALE #**    2
3343 VINELAND AVENUE
BALDWIN PARK



**COMPARABLE SALE #**    3
13650 FOSTER AVENUE
BALDWIN PARK

APPRAISER
COMPARABLES 4-5-6

File No.    SH2120-1A
CASE NO.  GALLEGOS

| Borrower | GALLEGOS | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | |
| City  BALDWIN PARK | | County | LOS ANGELES | State | CA | Zip Code | 91706-5146 |
| Lender/Client | CENTURY 21 FOOTHILLS | | Address | | | | |



**COMPARABLE SALE #**    **4**
14026 REXWOOD AVENUE
BALDWIN PARK



**COMPARABLE SALE #**    **5**

**COMPARABLE SALE #**    **6**

File No.   SH2120-1A
Case No.   GALLEGOS

Borrower   GALLEGOS
Property Address   14144 DURNESS STREET

| City   BALDWIN PARK | County | | LOS ANGELES | State | CA | Zip Code | 91706-5148 |
| Lender/Client   CENTURY 21 FOOTHILLS | | Address | | | | | |



File No.   SH2120-1A
Case No.   GALLEGOS

| Borrower | GALLEGOS | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 14144 DURNESS STREET | | | | | | |
| City BALDWIN PARK | | County | LOS ANGELES | | State | CA | Zip Code 91706-5146 |
| Lender/Client CENTURY 21 FOOTHILLS | | | Address | | | | |

**GeneralStar**

GENERAL STAR NATIONAL INSURANCE COMPANY
Financial Centre
P.O. Box 10350
Stamford, Connecticut 06904-2350

**REAL ESTATE APPRAISERS ERRORS & OMISSIONS INSURANCE POLICY**

**DECLARATIONS PAGE**

This is a claims made and reported policy. Please read this policy and all endorsements and attachments carefully.

Policy Number:   NEA942034G                Renewal of Number:   NEA942034G

1. **NAMED INSURED:**
   **STREET ADDRESS:**   Shari Hill
   34 Wildwheat
   Irvine, CA 92614

2. **POLICY PERIOD:** Inception Date: 08/23/2010          Expiration Date:   08/23/2011

   Effective 12:01 a.m. Standard Time at the address of the Named Insured.

3. **LIMIT OF LIABILITY:**
   Each Claim:          $1,000,000
   Aggregate:           $1,000,000
   Claim Expenses have a separate Limit of Liability:
   Each Claim:          $1,000,000
   Aggregate:           $1,000,000

4. **DEDUCTIBLE:**          Each Claim $500.00          Aggregate: $1,000.00

5. **RETROACTIVE DATE:** 08/23/2004

   If a date is indicated, this policy will not provide coverage for any Claim arising out of any act, error, omission or personal injury which occurred before such date.

6. **ANNUAL PREMIUM:**          $   850.00

7. **ENDORSEMENTS:**
   This policy is made and accepted subject to the printed policy form together with the following form(s) or endorsement(s).
   GSN-07-AP-132(03/2007)
   GSN-07-AP-175(10/2007)

8. **MANAGING AGENT**
   Herbert H. Landy Insurance Agency, Inc.
   75 Second Avenue, Suite 410

   Needham, Massachusetts 02494-2876

   *Ruby A. Thompson*
   Authorized Representative

GSN-07-AP-120(08/2007)          © Copyright 2007, General Star Management Company, Stamford, CT          Page 1 of 1
Producer Code: 00026236                                                                Class Code: 73328
Date: 08/17/2010                                                                       BLAG:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
21900 Burbank Blvd., Ste 200, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as **Notice of Motion and** **MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/7/11** _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Kathy A Dockery (TR)     efiling@CH13LA.com
Steven Ibarra    sibarra@ibarralaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **6/7/11** _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Thomas B. Donovan
255 E. Temple St., Ste 1352
Los Angeles, CA 90012

☑ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _6/7/11_ | Tawni Takagi | _____ |
|---|---|---|
| Date | Type Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                      Page 4                            **F 4003-2.4.MOTION**

## II. **SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| Name of 1st Lien Holder & Address<br><br>Saxon Mortgage Services, Inc<br>1270 Northland Drive, Ste 200<br>Mendota Heights, Minnesota 55120 | Address from:<br>☑ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☑ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____<br>   _____ |
| Name of 1st Lien Holder- Agent for Service of Process | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 1st Lien Holder – Servicing Agent | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____<br>   _____ |

| Name of 2nd Lien Holder & Address<br>Saxon Mortgage Services, Inc<br>1270 Northland Drive, Ste 200<br>Mendota Heights, Minnesota 55120 | Address from:<br>☑ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☑ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 2nd Lien Holder- Agent for Service of Process<br>HSBC Bank USA, National Association<br>c/o CT Corporation System<br>818 W Seventh St.<br>Los Angeles, CA 90017<br><br>*Officer* | Address from:<br>☐ Proof of claim ☑ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☑ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____<br>   _____ |
| Name of 2nd Lien Holder – ~~Servicing Agent~~<br><br>HSBC Bank USA, National Association<br>CEO Irene Dorner<br>1800 Tysons Blvd.<br>Mc Lean, VA 22102 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☑ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7010-1670-0000-4396<br>☐ Overnight mail –     -6055<br>   Tracking #_____<br>   Carrier Name: _____<br>   _____ |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                              Page 5                          **F 4003-2.4.MOTION**